1  MARIA C. ROBERTS, State Bar No. 137907
   mroberts@sheastokes.com
2  RONALD R. GIUSSO, State Bar No. 184483
   rgiusso@sheastokes.com
3  SHEA STOKES ROBERTS & WAGNER, ALC
   510 MARKET STREET, THIRD FLOOR
4  SAN DIEGO, CALIFORNIA 92101-7025
   TELEPHONE:    (619) 232-4261
5  FACSIMILE:    (619) 232-4840

6  Attorneys for Defendants
   GE Money Bank and J.C. Penney Company, Inc.
7

FILED
2008 JUL 25  AM 9: 36
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10                                              '08 CV 1344 DMS RBB

| | |
|---|---|
| 11  HELENA KOZYRA, | CASE NO. |
| 12         Plaintiff, | Action Date:    June 11, 2008 |
| 13  vs. | DECLARATION OF RONALD R. GIUSSO IN SUPPORT OF NOTICE OF REMOVAL |
| 14  GE MONEY BANK; J.C. PENNEY COMPANY, INC.; and DOES 1 through 10, inclusive, | |
| 16         Defendants. | |

18       I, RONALD R. GIUSSO, declare:

20       1.   I am an attorney licensed to practice law before all courts in the State of California

21  and the United States District Court, Southern District of California, and am an attorney with the

22  law firm of Shea Stokes Roberts and Wagner, ALC, attorneys of records herein for Defendant GE

23  Money Bank. I have personal knowledge of the facts set forth in this Declaration and can

24  competently testify thereto. I make this declaration as required by 28 U.S.C. section 1446 in

25  support of the Notice of Removal of Civil Action.

26  / / /

27  / / /

28  / / /

---

4820-1654-4258.1                          DECLARATION OF RONALD R. GIUSSO IN
                                          SUPPORT OF NOTICE OF REMOVAL

2. Attached hereto as Exhibit "A" is a true and correct copy of the Summons and Complaint filed as Helena Kozyra v. *GE Money Bank; J.C. Penney Company, Inc; and Does 1 through 10, inclusive,* as Case No. 37-2008-00085480-CU-BT-CTL in the Superior Court of the State of California in and for the County of San Diego.

3. The named Defendants have given their authority and authorize the filing of the Notice of Removal and related pleadings as to this matter at this time.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed this 25th day of July 2008, at San Diego, California.

_____
Ronald R. Giusso

4820-1654-4258.1

-2-   DECLARATION OF RONALD R. GIUSSO IN SUPPORT OF NOTICE OF REMOVAL

**EXHIBIT A**

| | SUM-100 |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>GE MONEY BANK; J.C. PENNEY COMPANY, INC.; and DOES 1 through 10, inclusive, | F I L E D<br>Clerk of the Superior Court<br>JUN 1 1 2008<br>By: R. TAYLOR, Deputy |
| **YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>HELENA KOZYRA, | |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court, San Diego, Central<br>330 West Broadway<br>San Diego, California 92101 | CASE NUMBER: 37-2008-00085460-CU-BT-CTL<br>*(Número del Caso):* |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Douglas Jaffe, Esq.
402 West Broadway, 4th Floor, San Diego, CA 92101  (619) 595-4861

| DATE:<br>*(Fecha):* JUN 1 1 2008 | Clerk, by<br>*(Secretario):* RUSSELL TAYLOR | Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

DOUGLAS JAFFE, ESQ. Bar No. 170354
LAW OFFICES OF DOUGLAS JAFFE
402 West Broadway, 4th Floor
San Diego, California 92101
Telephone: (619) 595-4861
Facsimile: (619) 595-4862

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN DIEGO – CENTRAL

| | |
|---|---|
| HELENA KOZYRA, | Case No.: 37-2008-00085460-CU-BT-CTL |
| Plaintiff, | COMPLAINT |
| vs. | 1) Violation Of Fair Credit Reporting Act |
| GE MONEY BANK; J.C. PENNEY COMPANY, INC.; and DOES 1 through 10, inclusive, | 2) Violation of Fair Debt Collection Practices Act |
| Defendants. | 3) Violation of Rosenthal Fair Debt Collection Practices Act |
| | 4) Negligence |
| | 5) Declaratory Relief |
| | 6) Injunctive Relief |
| | UNLIMITED CIVIL JURISDICTION |

COMES NOW Helena Kozyra ("Plaintiff"), by and through her undersigned attorneys, and alleges as follows:

1

Complaint

## GENERAL ALLEGATIONS

1. Plaintiff is an individual residing in the county of San Diego.

2. On information and belief, GE Money Bank an unknown entity doing business in the State of California located at P.O. Box 981131, El Paso, Texas 79998 ("GE").

3. On information and belief, J.C. Penney Company, Inc. is a corporation doing business in the State of California located at 6501 Legacy Drive, Plano, Texas 75024 ("JC Penney").

4. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1 through 10 are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will amend this complaint to show their true names and capacities when they have been ascertained. Plaintiff alleges that each of the fictitiously named Defendants engaged in the actions and omissions hereinafter alleged and that each is fully liable for all the damages requested herein.

5. This Court has personal and subject matter jurisdiction over this action and venue is properly placed in this Court.

6. Defendants are, and at all times herein were, debt collectors.

7. Defendants are persons, which includes a corporation, who use instrumentalities of interstate commerce or the mails in a business the purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another.

8. Plaintiff is a natural person from whom Defendants have sought and seek to collect a consumer debt alleged to be due and owing from Plaintiff.

2
Complaint

## STATEMENT OF THE CASE

9. On September 30, 2006, Plaintiff made a jewelry purchase from JC Penney in the amount of $2,176.54.

10. JC Penney offered to have Plaintiff's jewelry purchase put on a JC Penney credit account. Plaintiff accepted and the jewelry purchase was put on a JC Penney credit account known as account number 349-531-654-3 (the "Account").

11. The Account statements received by Plaintiff indicate that the Account is serviced by GE.

12. On October 20, 2006, Plaintiff returned the jewelry to JC Penney. Plaintiff has the written receipt from JC Penney reflecting the return of the jewelry to JC Penney and the receipt indicates that the Account would be credited for the full amount of the jewelry purchase in the amount of $2,76.54 (the "Credit").

13. Defendant's Account Statement dated October 25, 2006 reflects the Credit.

14. Defendant subsequently and improperly began demanding the jewelry purchase amount from Plaintiff, plus interest and fees, and subsequently and began sending Account statements to Plaintiff which improperly demanded the jewelry purchase amount from Plaintiff, plus interest and fees.

15. Plaintiff disputed, both verbally and in writing, Defendant's improper demand for the jewelry purchase amount from Plaintiff, plus interest and fees, and Defendant's improper Account statements, which improperly demanded the jewelry purchase amount from Plaintiff, plus interest and fees.

16. Despite due demand, Defendant have continued their improper debt collection with regard to the Account.

17. Defendants have improperly engaged in negative credit reporting to the credit reporting agencies regarding Plaintiff and the Account.

18. Plaintiff's credit score has been negatively impacted by Defendant's inaccurate credit reporting. The negative impact by Defendants on Plaintiff's credit score has interfered with Plaintiff's ability to access credit.

3

Complaint

FIRST CAUSE OF ACTION
(Violation of Fair Credit Reporting Act)

19. Plaintiff incorporates by this reference the foregoing paragraphs.

20. Plaintiff contacted the major credit reporting agencies and disputed Defendants' credit reporting.

21. As the furnisher of the disputed information, Defendants had duties under the Fair Credit Reporting Act to properly investigate the disputed information.

22. Defendants failed to conduct such a proper investigation.

23. By reason of the foregoing, Defendants have violated the Fair Credit Reporting Act, 15 U.S.C. section 1681s-2(b).

24. By reason of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial, plus interest, costs, penalties, damages for emotional distress, attorneys' fees and punitive damages as provided in the Fair Credit Reporting Act, 15 U.S.C. section 1681n and 1681o.

SECOND CAUSE OF ACTION
(Violation of Fair
Debt Collection Practices Act)

25. Plaintiff incorporates by this reference the foregoing paragraphs.

26. Any amount allegedly owed by Plaintiff to Defendants is debt pursuant to 15 U.S.C. section 1692a(5).

27. Defendants have used false, deceptive or misleading representations or means in connection with the collection of a debt in violation of 15 U.S.C. section 1692e.

28. Defendants have threatened to take action that cannot be legally taken or that was not intended to be taken in violation of 15 U.S.C. section 1692e(5).

29. Defendants have used false representations or deceptive means to collect or attempt to collect a debt from Plaintiff in violation of 15 U.S.C. section 1692e(10).

30. Defendants have used unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff in violation of 15 U.S.C. section 1692f.

4
Complaint

31. Plaintiff has demanded Defendants cease their improper debt collection practices.

32. Defendants have failed and refused to cease its improper debt collection practices.

33. Defendants have made false representations, engaged in unlawful conduct and unfair practices and made threats in violation of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et. seq.

34. By reason of the foregoing, Defendants willfully violated the Fair Debt Collection Practices Act, 15 U.S.C. section 1692, et seq.

35. By reason of the foregoing, Plaintiff has sustained damages in an amount to be determined at trial, plus interest, costs, damages for emotional distress, and attorneys' fees.

36. By reason of the foregoing, Plaintiff is entitled to damages, damages for emotional distress, penalties, and attorneys' fees pursuant to 15 U.S.C. section 1692k.

### THIRD CAUSE OF ACTION
(Violation of Rosenthal Fair
Debt Collection Practices Act)

37. Plaintiff incorporates by this reference the foregoing paragraphs.

38. Defendants have failed and refused to cease their improper debt collection practices.

39. Defendants have made false representations in violation of Civil Code section 1788.17.

40. Defendants have engaged in unlawful conduct and made threats in violation of Civil Code section 1788.10.

41. By reason of the foregoing, Defendants willfully violated the Rosenthal Fair Debt Collection Practices Act, Civil Code 1788, et seq.

42. By reason of the foregoing, Plaintiff has sustained damages in an amount to be determined at trial, plus interest, costs, damages for emotional distress, and attorneys' fees.

43. By reason of the foregoing, Plaintiff is entitled to damages, damages for emotional distress, penalties, and attorneys' fees pursuant to Civil Code section 1788.30.

## FOURTH CAUSE OF ACTION
(Negligence)

44. Plaintiff incorporates by this reference the foregoing paragraphs.

45. Defendants had a duty to reasonably and properly conduct its collection efforts regarding Plaintiff.

46. Defendants failed to reasonably and properly conduct its collection efforts regarding Plaintiff.

47. By reason of the foregoing, Plaintiff has sustained damages in an amount to be determined at trial, plus interest, costs and damages for emotional distress.

## FIFTH CAUSE OF ACTION
(Declaratory Relief)

48. Plaintiff incorporates by this reference each of the previous paragraphs.

49. There is an actual controversy between the parties.

50. A judicial determination is required. Defendants have taken the position that Plaintiff was late in payments regarding the Account and that reporting the Account to the credit reporting agencies with late payments by Plaintiff was proper. Plaintiff has taken the position that Plaintiff was not late in payments regarding the Account and that reporting the Account to the credit reporting agencies with late payments by Plaintiff was improper.

## SIXTH CAUSE OF ACTION
(Injunctive Relief)

51. Plaintiff incorporates by this reference each of the previous paragraphs.

52. Injunctive relief is necessary to stop Defendants' improper debt collection and ordering Defendants to correct their credit reporting regarding Plaintiff and the Account.

WHEREFORE, Plaintiff prays as follows:

a) For damages according to proof;

b) For emotional distress;

c) For interest according to proof;

d) For declaratory relief;

e) For injunctive relief;

f) For punitive damages;

g) For costs, disbursements and reasonable attorneys' fees as provided in any agreement between the parties, any statute or otherwise; and

h) For such other and further relief as the Court deems just and proper.

Dated: June 9, 2008

LAW OFFICES OF DOUGLAS JAFFE

_____
Douglas Jaffe