DOUGLAS JAFFE, ESQ. Bar No. 170354
LAW OFFICES OF DOUGLAS JAFFE
402 West Broadway, 4th Floor
San Diego, California 92101
Telephone: (619) 595-4861
Facsimile: (619) 595-4862

Attorneys for Plaintiff

| | |
|---|---|
| HELENA KOZYRA, | Case No.: 08-CV-1344 DMS (RBB) |
| Plaintiff, | |
| vs. | AMENDED COMPLAINT AND JURY DEMAND |
| GE MONEY BANK; J.C. PENNEY COMPANY, INC.; LVNV FUNDING, LLC; RESURGENT CAPITAL SERVICES, LP; VALENTINE & KEBARTAS, INC.; and COLLECTORS TRAINING INSTITUTE OF ILLINOIS; | |
| Defendants. | |

COMES NOW Helena Kozyra ("Plaintiff"), by and through her undersigned attorneys, and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff is an individual residing in the county of San Diego.

2. On information and belief, GE Money Bank an unknown entity doing business in the State of California located at P.O. Box 981131, El Paso, Texas 79998 ("GE").

3. On information and belief, J.C. Penney Company, Inc. is a corporation doing business in the State of California located at 6501 Legacy Drive, Plano, Texas 75024 ("JC Penney").

4. On information and belief, LVNV Funding, LLC is a limited liability company doing business in California located at 200 Meeting Street, Suite 206, Charleston, South Carolina 29401 ("LVNV").

5. On information and belief, Resurgent Capital Services, LP is a limited partnership doing business in California located at 15 South Main Street, Suite 600, Greenville, South Carolina 29601 ("Resurgent").

6. On information and belief Valentine & Kebartas, Inc. is corporation doing business in California located at 15 Union Street, Lawrence, MA 01841 ("Valentine").

7. On information and belief Collectors Training Institute of Illinois is a corporation doing business in California located at 3333 West Arthington, Suite 550, Chicago, Illinois 60624 ("CTI").

8. This Court has personal and subject matter jurisdiction over this action and venue is properly placed in this Court.

9. Defendants are, and at all times herein were, debt collectors.

10. Defendants are persons, which includes a corporation, who use instrumentalities of interstate commerce or the mails in a business the purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another.

11. Plaintiff is a natural person from whom Defendants have sought and seek to collect a consumer debt alleged to be due and owing from Plaintiff.

## STATEMENT OF THE CASE

12. On September 30, 2006, Plaintiff made a jewelry purchase from JC Penney in the amount of $2,176.54.

13. JC Penney offered to have Plaintiff's jewelry purchase put on a JC Penney credit account. Plaintiff accepted and the jewelry purchase was put on a JC Penney credit account known as account number 349-531-654-3 (the "Account").

14. The Account statements received by Plaintiff indicate that the Account is serviced by GE.

15. On October 20, 2006, Plaintiff returned the jewelry to JC Penney. Plaintiff has the written receipt from JC Penney reflecting the return of the jewelry to JC Penney and the receipt indicates that the Account would be credited for the full amount of the jewelry purchase in the amount of $2,176.54 (the "Credit").

16. The Account statement dated October 25, 2006 reflects the Credit.

17. JC Penney subsequently and improperly began demanding the jewelry purchase amount from Plaintiff, plus interest and fees, and subsequently began sending Account statements to Plaintiff which improperly demanded the jewelry purchase amount from Plaintiff, plus interest and fees. JC Penney and GE sent threatening letters to Plaintiff (seeking to collect this nonexistent debt) on without limitation, February 15, 2007, March 2, 2007, March 21, 2007, March 28, 2007 and April 22, 2007.

18. Plaintiff disputed, both verbally and in writing, JC Penney and GE's improper demand for the jewelry purchase amount from Plaintiff, plus interest and fees, and JC Penney and GE's improper Account statements, which improperly demanded the jewelry purchase amount from Plaintiff, plus interest and fees.

19. Despite due demand, JC Penney and GE continued their improper debt collection with regard to the Account. JC Penney and GE improperly retained collection agency First Performance Recovery Corp. ("First Recovery") to engage in collection efforts against Plaintiff. On May 17, 2007, First Recovery, on behalf of JC Penney and GE, sent a threatening letter to Plaintiff, seeking to collect this nonexistent debt.

20.     JC Penney and GE have improperly engaged in negative credit reporting to the credit reporting agencies regarding Plaintiff and the Account.

21.     Plaintiff's credit score has been negatively impacted by JC Penney and GE's inaccurate credit reporting.  The negative impact by JC Penney and GE on Plaintiff's credit score has interfered with Plaintiff's ability to access credit.

22.     On August 12, 2008, counsel for JC Penney and GE represented to the Court and counsel for Plaintiff that JC Penney and GE sold the Account more than one year prior to the filing of the Complaint in this action and did not seek to collect the alleged debt from Plaintiff in the one year prior to the filing of the Complaint in this action.  To the extent that discovery reveals that JC Penney and/or GE sought to collect the alleged debt from Plaintiff in the one year prior to the filing of the Complaint in this action and/or did not sell the Account more than one year prior to the filing of the Complaint in this action, Plaintiff reserves the right to amend her Complaint to include claims against JC Penney and/or GE's for its improper debt collection.

23.     On information and belief, JC Penney and GE sold the Account to Resurgent and/or LVNV.

24.     On, without limitation, July 23, 2007, Resurgent, through CTI, sent a threatening letter to Plaintiff, seeking to collect this nonexistent debt.

25.     Plaintiff disputed, both verbally and in writing, Resurgent and CTI's improper debt collection regarding this nonexistent debt.

26.     On, without limitation, January 16, 2008 and March 14, 2007, Resurgent and LVNV, through Valentine, sent threatening letters to Plaintiff, seeking to collect this nonexistent debt.

27.     Plaintiff disputed, both verbally and in writing, Resurgent, LVNV and Valentine's improper debt collection regarding this nonexistent debt.

28.     **On July 25, 2008, after the filing and service of this action, JC Penney and GE Bank sent Plaintiff an account statement which admits that the Account balance is zero**. On information and belief, JC Penney and GE have still failed to correct their inaccurate negative credit reporting regarding Plaintiff and/or the Account.

FIRST CAUSE OF ACTION
(Violation of Fair Credit Reporting Act)
(As Against GE and JC Penney)

29. Plaintiff incorporates by this reference the foregoing paragraphs.

30. On or about July 10, 2007, Plaintiff contacted the major credit reporting agencies and disputed JC Penney and GE's credit reporting regarding the Account.

31. As the furnisher of the disputed information, JC Penney and GE had duties under the Fair Credit Reporting Act to properly investigate the disputed information.

32. JC Penney failed to conduct such a proper investigation as evidenced by, without limitation, Plaintiff's credit report dated July 10, 2007 from Experian which indicates Plaintiff's dispute and JC Penney and GE's inaccurate credit reporting, and JC Penney and GE's response in which they failed to request the removal of the inaccurate credit reporting and thereby verified their inaccurate credit reporting.

33. By reason of the foregoing, JC Penney and GE have violated the Fair Credit Reporting Act, 15 U.S.C. section 1681s-2(b).

34. By reason of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial, plus interest, costs, penalties, damages for emotional distress, attorneys' fees and punitive damages as provided in the Fair Credit Reporting Act, 15 U.S.C. section 1681n and 1681o.

SECOND CAUSE OF ACTION
(Violation of Fair Debt Collection Practices Act)
(As Against LVNV, Resurgent, Valentine, and CTI)

35. Plaintiff incorporates by this reference the foregoing paragraphs.

36. Any amount allegedly owed by Plaintiff to LVNV, Resurgent, Valentine, and CTI is debt pursuant to 15 U.S.C. section 1692a(5).

37. LVNV, Resurgent, Valentine, and CTI have used false, deceptive or misleading representations or means in connection with the collection of a debt in violation of 15 U.S.C. section 1692e.

38. LVNV, Resurgent, Valentine, and CTI have threatened to take action that cannot be legally taken or that was not intended to be taken in violation of 15 U.S.C. section 1692e(5).

39. LVNV, Resurgent, Valentine, and CTI have used false representations or deceptive means to collect or attempt to collect a debt from Plaintiff in violation of 15 U.S.C. section 1692e(10).

40. LVNV, Resurgent, Valentine, and CTI have used unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff in violation of 15 U.S.C. section 1692f.

41. Plaintiff has demanded LVNV, Resurgent, Valentine, and CTI cease their improper debt collection practices.

42. LVNV, Resurgent, Valentine, and CTI have failed and refused to cease its improper debt collection practices.

43. LVNV, Resurgent, Valentine, and CTI have made false representations, engaged in unlawful conduct and unfair practices and made threats in violation of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et. seq.

44. By reason of the foregoing, LVNV, Resurgent, Valentine, and CTI willfully violated the Fair Debt Collection Practices Act, 15 U.S.C. section 1692, et seq.

45. By reason of the foregoing, Plaintiff has sustained damages in an amount to be determined at trial, plus interest, costs, damages for emotional distress, and attorneys' fees.

46. By reason of the foregoing, Plaintiff is entitled to damages, damages for emotional distress, penalties, and attorneys' fees pursuant to 15 U.S.C. section 1692k.

THIRD CAUSE OF ACTION
(Violation of Rosenthal Fair Debt Collection Practices Act)
(As Against LVNV, Resurgent, Valentine, and CTI)

47. Plaintiff incorporates by this reference the foregoing paragraphs.

48. LVNV, Resurgent, Valentine, and CTI have failed and refused to cease their improper debt collection practices.

49.    LVNV, Resurgent, Valentine, and CTI have made false representations in violation of Civil Code section 1788.17.

50.    LVNV, Resurgent, Valentine, and CTI have engaged in unlawful conduct and made threats in violation of Civil Code section 1788.10.

51.    By reason of the foregoing, LVNV, Resurgent, Valentine, and CTI willfully violated the Rosenthal Fair Debt Collection Practices Act, Civil Code 1788, et seq.

52.    By reason of the foregoing, Plaintiff has sustained damages in an amount to be determined at trial, plus interest, costs, damages for emotional distress, and attorneys' fees.

53.    By reason of the foregoing, Plaintiff is entitled to damages, damages for emotional distress, penalties, and attorneys' fees pursuant to Civil Code section 1788.30.

### FOURTH CAUSE OF ACTION
(Negligence)
(As Against All Defendants)

54.    Plaintiff incorporates by this reference the foregoing paragraphs.

55.    JC Penney and GE had a duty to reasonably and properly determine and acknowledge: 1) That there was no Account balance after Plaintiff returned the jewelry; That JC Penney had admitted, by its own receipt, that there was no Account balance after Plaintiff returned the jewelry; That JC Penney and GE had admitted, by the Account statement dated October 25, 2006, that there was no Account balance after Plaintiff returned the jewelry.

56.    JC Penney and GE failed to reasonably and properly determine and acknowledge: 1) That there was no Account balance after Plaintiff returned the jewelry; That JC Penney had admitted, by its own receipt, that there was no Account balance after Plaintiff returned the jewelry; That JC Penney and GE had admitted, by the Account statement dated October 25, 2006, that there was no Account balance after Plaintiff returned the jewelry.

57.    LVNV, Resurgent, Valentine, and CTI had a duty to reasonably and properly determine and acknowledge that there no Account balance after Plaintiff returned the jewelry.

58.    LVNV, Resurgent, Valentine, and CTI failed to reasonably and properly determine and acknowledge that there no Account balance after Plaintiff returned the jewelry.

59. Defendants had a duty to reasonably and properly conduct their collection efforts regarding Plaintiff.

60. Defendants failed to reasonably and properly conduct their collection efforts regarding Plaintiff.

61. Defendants failed and refused to acknowledge Plaintiff's dispute of their improper debt collection regarding this nonexistent debt.

62. By reason of the foregoing, Plaintiff has sustained damages in an amount to be determined at trial, plus interest, costs and damages for emotional distress.

FIFTH CAUSE OF ACTION
(Declaratory Relief)
(As Against All Defendants)

63. Plaintiff incorporates by this reference each of the previous paragraphs.

64. There is an actual controversy between the parties.

65. A judicial determination is required.  Defendants have taken the position that Plaintiff was late in payments regarding the Account and that reporting the Account to the credit reporting agencies with late payments by Plaintiff was proper.  Plaintiff has taken the position that Plaintiff was not late in payments regarding the Account and that reporting the Account to the credit reporting agencies with late payments by Plaintiff was improper.

SIXTH CAUSE OF ACTION
(Injunctive Relief)
(As Against All Defendants)

66. Plaintiff incorporates by this reference each of the previous paragraphs.

67. Injunctive relief is necessary to stop Defendants' improper debt collection and ordering JC Penney and GE to correct their credit reporting regarding Plaintiff and the Account.

SEVENTH CAUSE OF ACTION
(Intentional Infliction Of Emotional Distress)
(As Against JC Penney and GE)

68. Plaintiff incorporates by this reference each of the previous paragraphs.

69. JC Penney and GE engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, emotional distress to Plaintiff.

70. Plaintiff suffered severe and/or extreme emotional distress.

71. JC Penney and GE's outrageous conduct was the actual and proximate cause of Plaintiff's emotional distress.

72. JC Penney and GE engaged in conduct intended to inflict injury or engaged in with the realization that injury will result.

73. As a direct and proximate result of the foregoing, Plaintiff has sustained damages in an amount to be determined at trial, including pain, suffering and emotional distress, plus costs and disbursements.

EIGHTH CAUSE OF ACTION
(Defamation)
(As Against JC Penney and GE)

74. Plaintiff incorporates by this reference each of the previous paragraphs.

75. On information and belief, within 1 year prior to the filing of the Complaint in this Action, JC Penney and GE published written material (which includes electronic transmissions) to LVNV and/or Resurgent about Plaintiff which indicated that an Account balance existed and that Plaintiff was delinquent in her payment of the Account (the "Publication").

76. Plaintiff discovered the Publication within 1 year prior to the filing of the Complaint in this Action.

77. The Publication was made of and concerning the Plaintiff and was so understood by those who read the publication.

78. The Publication is false as it pertains to Plaintiff.

79. The Publication is libelous on its face. It clearly exposes plaintiff to hatred, contempt, ridicule, and obloquy. The alleged debt did not exist as set forth above, but the Publication caused LVNV and Resurgent to engage in debt collection activities against Plaintiff.

80. The Publication was seen and read by LVNV and Resurgent.

81. As a proximate result of the Publication, plaintiff has suffered loss of her reputation, shame, mortification and hurt feeling all to her general damage.

82. As a further result of the Publication, Plaintiff's ability to access credit has been adversely impacted to her injury.

83. The Publication was published by JC Penney and GE with malice, oppression and/or fraud and thus Plaintiff seeks an award of punitive damages.

WHEREFORE, Plaintiff prays as follows:

a) For damages according to proof;

b) For emotional distress;

c) For interest according to proof;

d) For declaratory relief;

e) For injunctive relief;

f) For punitive damages;

g) For costs, disbursements and reasonable attorneys' fees as provided in any agreement between the parties, any statute or otherwise; and

h) For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: August 16, 2008

                              LAW OFFICES OF DOUGLAS JAFFE

                              s/_ Douglas Jaffe_____
                              Douglas Jaffe
                              402 West Broadway, 4th Floor
                              San Diego, California 92101
                              (619) 595-4861
                              Douglasjaffe@aol.com

CERTIFICATE OF SERVICE

I am over the age of 18 years and not a party to or interested in the within entitled action. My business address is 402 West Broadway, 4th Floor, San Diego, California 92101.

On August 16, 2008, I electronically filed the foregoing

AMENDED COMPLAINT

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Maria Roberts, Esq.
    Shea Stokes Roberts & Wagner
    510 Market Street, 3rd Floor
    San Diego, California 92101

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 16, 2008 at San Diego, California.

                        LAW OFFICES OF DOUGLAS JAFFE

                        s/_ Douglas Jaffe_____
                        Douglas Jaffe
                        402 West Broadway, 4th Floor
                        San Diego, California 92101
                        (619) 595-4861
                        Douglasjaffe@aol.com