1   MARIA C. ROBERTS, State Bar No. 137907
    mroberts@sheastokes.com
2   RONALD R. GIUSSO, State Bar No. 184483
    rgiusso@sheastokes.com
3   SHEA STOKES ROBERTS & WAGNER, ALC
    510 MARKET STREET, THIRD FLOOR
4   SAN DIEGO, CALIFORNIA 92101-7025
    TELEPHONE:    (619) 232-4261
5   FACSIMILE:    (619) 232-4840

6   Attorneys for Defendants GE MONEY BANK and J.C. PENNEY COMPANY, INC.

7

8                     UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  HELENA KOZYRA,                          CASE NO. 08-CV-1344 DMS RBB

12          Plaintiff,                      Action Date:     June 11, 2008
                                            Judge:           Dana M. Sabraw
13  v.
                                            **ANSWER TO AMENDED COMPLAINT
14  GE MONEY BANK; J.C. PENNEY              BY DEFENDANTS GE MONEY BANK
    COMPANY, INC.; LVNV FUNDING, LLC;       AND J.C. PENNEY COMPANY, INC.**
15  RESURGENT CAPITAL SERVICES, LP;
    VALENTINE & KEBARTAS, INC.; and
16  COLLECTORS TRAINING INSTITUTE OF        **JURY TRIAL DEMANDED**
    ILLINOIS; and DOES 1 through 10, inclusive,
17
            Defendants.
18

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Defendants GE Money Bank and J.C. Penney ("Defendants"), hereby answer the unverified Amended Complaint and Jury Demand ("Amended Complaint") filed by Helena Kozyra as follows:

1.      As to paragraph 1 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 1 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

2.      As to paragraph 2 of Plaintiff's Amended Complaint, these answering Defendants admit that GE Money Bank does business in the state of California.  These answering Defendants deny that GE Money Bank does business in the state of California located at PO Box 98131 in El Paso, Texas.  These answering Defendants are without sufficient information and knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 2 of the Amended Complaint, and, on that basis, deny each and every other remaining allegation set forth therein.

3.      As to paragraph 3 of Plaintiff's Amended Complaint, these answering Defendants admit that J.C. Penney Company, Inc. does business in the state of California.  These answering Defendants deny that J.C. Penney Company, Inc. does business in the state of California located at 6501 Legacy Drive in Plano, Texas.  These answering Defendants are without sufficient information and knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 3 of the Amended Complaint, and, on that basis, deny each and every other remaining allegation set forth therein.

4.      As to paragraph 4 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 4 of the Amended Complaint and, on that basis, deny each and every allegation set forth therein.

5.      As to paragraph 5 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 5 of the Amended Complaint and, on that basis, deny each and every allegation set forth therein.

6.      As to paragraph 6 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 6 of the Amended Complaint and, on that basis, deny each and every allegation set forth therein.

7.      As to paragraph 7 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 7 of the Amended Complaint and, on that basis, deny each and every allegation set forth therein.

8.      As to paragraph 8 of Plaintiff's Amended Complaint, these answering Defendants admit the allegations set forth in paragraph 8 of the Amended Complaint.

9.      As to paragraph 9 of Plaintiff's Amended Complaint, these answering Defendants deny each and every allegation set forth in paragraph 9 of the Amended Complaint therein.

10.      As to paragraph 10 of Plaintiff's Amended Complaint, these answering Defendants deny each and every allegation set forth in paragraph 10 of the Amended Complaint therein.

11.      As to paragraph 11 of Plaintiff's Amended Complaint, these answering Defendants deny each and every allegation set forth in paragraph 11 of the Amended Complaint therein.

/ / /

/ / /

12.    As to paragraph 12 of Plaintiff's Amended Complaint, these answering Defendants admit the allegations set forth in paragraph 12 of the Amended Complaint therein.

13.    As to paragraph 13 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 13 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

14.    As to paragraph 14 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 14 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

15.    As to paragraph 15 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 15 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

16.    As to paragraph 16 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 16 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

17.    As to paragraph 17 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 17 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

/ / /

18.    As to paragraph 18 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 18 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

19.    As to paragraph 19 of Plaintiff's Amended Complaint, these answering Defendants deny the allegations set forth in paragraph 19 of the Amended Complaint.

20.    As to paragraph 20 of Plaintiff's Amended Complaint, these answering Defendants deny the allegations set forth in paragraph 20 of the Amended Complaint.

21.    As to paragraph 21 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 21 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

22.    As to paragraph 22 of Plaintiff's Amended Complaint, these answering Defendants deny the allegations set forth in paragraph 22 to the extent they purport to reserve the right "to amend Plaintiff's complaint."  These answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 22 of the Amended Complaint, an, on that basis, deny each and every other remaining allegation set forth therein.

23.    As to paragraph 23 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 23 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

/ / /

24.    As to paragraph 24 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 24 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

25.    As to paragraph 25 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 25 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

26.    As to paragraph 26 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 26 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

27.    As to paragraph 27 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 27 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

28.    As to paragraph 28 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 28 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

/ / /

/ / /

/ / /

/ / /

29.    As to paragraph 29 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 29 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

30.    As to paragraph 30 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 30 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

31.    As to paragraph 31 of Plaintiff's Amended Complaint, these answering Defendants deny the allegations set forth in paragraph 31 of the Amended Complaint therein.

32.    As to paragraph 32 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 32 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

33.    As to paragraph 33 of Plaintiff's Amended Complaint, these answering Defendants deny the allegations set forth in paragraph 33 of the Amended Complaint therein.

34.    As to paragraph 34 of Plaintiff's Amended Complaint, these answering Defendants deny the allegations set forth in paragraph 34 of the Amended Complaint therein.

35.    As to paragraph 35 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 35 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

36.     As to paragraph 36 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 36 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

37.     As to paragraph 37 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 37 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

38.     As to paragraph 38 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 38 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

39.     As to paragraph 39 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 39 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

40.     As to paragraph 40 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 40 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

/ / /

/ / /

/ / /

/ / /

1    41.    As to paragraph 41 of Plaintiff's Amended Complaint, these answering Defendants

2    are without sufficient information or knowledge to form a belief as to the truth of the allegations

3    set forth in paragraph 41 of the Amended Complaint, and, on that basis, deny each and every

4    allegation set forth therein.

5

6    42.    As to paragraph 42 of Plaintiff's Amended Complaint, these answering Defendants

7    are without sufficient information or knowledge to form a belief as to the truth of the allegations

8    set forth in paragraph 42 of the Amended Complaint, and, on that basis, deny each and every

9    allegation set forth therein.

10

11    43.    As to paragraph 43 of Plaintiff's Amended Complaint, these answering Defendants

12    are without sufficient information or knowledge to form a belief as to the truth of the allegations

13    set forth in paragraph 43 of the Amended Complaint, and, on that basis, deny each and every

14    allegation set forth therein.

15

16    44.    As to paragraph 44 of Plaintiff's Amended Complaint, these answering Defendants

17    are without sufficient information or knowledge to form a belief as to the truth of the allegations

18    set forth in paragraph 44 of the Amended Complaint, and, on that basis, deny each and every

19    allegation set forth therein.

20

21    45.    As to paragraph 45 of Plaintiff's Amended Complaint, these answering Defendants

22    are without sufficient information or knowledge to form a belief as to the truth of the allegations

23    set forth in paragraph 45 of the Amended Complaint, and, on that basis, deny each and every

24    allegation set forth therein.

25    / / /

26    / / /

27    / / /

28    / / /

46.     As to paragraph 46 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 46 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

47.     As to paragraph 47 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 47 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

48.     As to paragraph 48 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 48 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

49.     As to paragraph 49 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 49 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

50.     As to paragraph 50 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 50 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

/ / /

/ / /

/ / /

/ / /

51.    As to paragraph 51 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 51 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

52.    As to paragraph 52 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 52 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

53.    As to paragraph 53 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 53 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

54.    As to paragraph 54 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 54 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

55.    As to paragraph 55 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 55 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

/ / /

/ / /

/ / /

/ / /

56.     As to paragraph 56 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 56 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

57.     As to paragraph 57 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 57 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

58.     As to paragraph 58 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 58 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

59.     As to paragraph 59 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 59 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

60.     As to paragraph 60 of Plaintiff's Amended Complaint, these answering Defendants deny the allegations set forth in paragraph 60 of the Amended Complaint therein.

61.     As to paragraph 61 of Plaintiff's Amended Complaint, these answering Defendants deny the allegations set forth in paragraph 61 of the Amended Complaint therein

62.     As to paragraph 62 of Plaintiff's Amended Complaint, these answering Defendants deny the allegations set forth in paragraph 62 of the Amended Complaint therein

63.    As to paragraph 63 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 63 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

64.    As to paragraph 64 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 64 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

65.    As to paragraph 65 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 65 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

66.    As to paragraph 66 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 66 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

67.    As to paragraph 67 of Plaintiff's Amended Complaint, these answering Defendants deny the allegations set forth in paragraph 67 of the Amended Complaint therein.

68.    As to paragraph 68 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 68 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

/ / /

69.     As to paragraph 69 of Plaintiff's Amended Complaint, these answering Defendants deny the allegations set forth in paragraph 69 of the Amended Complaint therein.

70.     As to paragraph 70 of Plaintiff's Amended Complaint, these answering Defendants deny the allegations set forth in paragraph 70 of the Amended Complaint therein.

71.     As to paragraph 71 of Plaintiff's Amended Complaint, these answering Defendants deny the allegations set forth in paragraph 71 of the Amended Complaint therein.

72.     As to paragraph 72 of Plaintiff's Amended Complaint, these answering Defendants deny the allegations set forth in paragraph 72 of the Amended Complaint therein.

73.     As to paragraph 73 of Plaintiff's Amended Complaint, these answering Defendants deny the allegations set forth in paragraph 73 of the Amended Complaint therein.

74.     As to paragraph 74 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 74 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

75.     As to paragraph 75 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 75 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

/ / /

/ / /

/ / /

/ / /

76.     As to paragraph 76 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 76 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

77.     As to paragraph 77 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 77 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

78.     As to paragraph 78 of Plaintiff's Amended Complaint, these answering Defendants deny the allegations set forth in paragraph 78 of the Amended Complaint therein.

79.     As to paragraph 79 of Plaintiff's Amended Complaint, these answering Defendants deny the allegations set forth in paragraph 79 of the Amended Complaint therein.

80.     As to paragraph 80 of Plaintiff's Amended Complaint, these answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 80 of the Amended Complaint, and, on that basis, deny each and every allegation set forth therein.

81.     As to paragraph 81 of Plaintiff's Amended Complaint, these answering Defendants deny the allegations set forth in paragraph 81 of the Amended Complaint therein.

82.     As to paragraph 82 of Plaintiff's Amended Complaint, these answering Defendants deny the allegations set forth in paragraph 82 of the Amended Complaint therein.

/ / /

/ / /

1    83.    As to paragraph 83 of Plaintiff's Amended Complaint, these answering Defendants

2  deny the allegations set forth in paragraph 83 of the Amended Complaint therein.

3

4  **<u>FIRST AFFIRMATIVE DEFENSE</u>**

5  **(Failure to State a Cause of Action)**

6    As a first, separate and affirmative defense to the Amended Complaint, and to each

7  purported cause of action contained therein, these answering Defendants allege that the Amended

8  Complaint, and each purported cause of action contained therein, fails to state facts sufficient to

9  constitute a cause of action against these answering Defendants.

10

11  **<u>SECOND AFFIRMATIVE DEFENSE</u>**

12  **(Failure to Exercise Reasonable Care and Diligence)**

13    As a second, separate and affirmative defense to the Amended Complaint, and to each

14  purported cause of action contained therein, these answering Defendants allege that Plaintiff's

15  conduct, rather than conduct of the Defendants, caused the losses alleged as Plaintiff failed to

16  exercise reasonable care and diligence to avoid loss and avoid damages incurred, if any, as a result

17  of the events alleged in Plaintiff's Amended Complaint, and Plaintiff cannot recover for losses

18  which might have been prevented by exercise of reasonable efforts and expenditures to avoid such

19  loss.

20

21  **<u>THIRD AFFIRMATIVE DEFENSE</u>**

22  **(Plaintiff's Negligence)**

23    As a third, separate and affirmative defense to the Amended Complaint, and to each

24  purported cause of action contained therein, these answering Defendants allege that the injuries to

25  the Plaintiff, if any, were sustained because Plaintiff failed to exercise ordinary and reasonable

26  care of caution; and such negligence on Plaintiff's part constitutes a bar to any recovery by said

27  Plaintiff, or in the alternative, the recovery, if any, by said Plaintiff should be reduced in

28  proportion to the extent such negligence was a cause of Plaintiff's injuries and damages, if any.

**FOURTH AFFIRMATIVE DEFENSE**

**(Not Exclusive Proximate Cause)**

As a fourth, separate and affirmative defense to the Amended Complaint, and to each purported cause of action contained therein, these answering Defendants deny that they were negligent in any fashion with respect to the damages, losses, injuries and debts claimed by Plaintiff in the Amended Complaint.  However, if these answering Defendants are found to be negligent (which supposition is denied and merely stated for the purpose of this affirmative defense), then these answering Defendants allege provisionally that Defendants' negligence is not the sole and proximate cause of the resultant damages, losses, and injuries alleged by Plaintiff, and the damages awarded to Plaintiff, if any, shall be apportioned according to the respective fault of the parties, persons and entities, or their agents, servants, and employees who contributed to and/or caused said resultant damages as alleged, according to proof presented at the time of trial; that to assess any greater percentage of fault and damages against these answering Defendants in excess of Defendants' percentage of fault would be a denial of equal protection and due process under the Constitution and law of the State of California, and equal protection and due process under the Constitution of the United States and federal law.

**FIFTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

As a fifth, separate and affirmative defense to the Amended Complaint, and to each purported cause of action contained therein, these answering Defendants allege that the Amended Complaint, and each of its purported causes of action therein, is barred by the applicable statute of limitations.

/ / /

/ / /

/ / /

/ / /

/ / /

## SIXTH AFFIRMATIVE DEFENSE

### (Indemnity and Contribution)

As a sixth, separate and affirmative defense to the Amended Complaint, and to each purported cause of action contained therein, these answering Defendants allege that in the event they are held liable to Plaintiff, which liability is expressly denied, and any co-defendants are likewise held liable, these answering Defendants are entitled to a percentage contribution of the total liability from said co-defendants in accordance with the principles of equitable indemnity and comparative contribution.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a seventh, separate and affirmative defense to the Amended Complaint, and to each purported cause of action contained therein, Plaintiff has acted with unclean hands and such acts are directly related to the claims by Plaintiff and preclude Plaintiff from pursuing his claims.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

As an eighth, separate and affirmative defense to the Amended Complaint, and to each purported cause of action contained therein, Plaintiff had the reasonable opportunity to, but failed to, mitigate her damages.

## NINTH AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

As an ninth, separate and affirmative defense to the Amended Complaint, and to each purported cause of action contained therein, Plaintiff voluntarily assumed the hazards and risks of the incident alleged in the Amended Complaint and that assumption of the same was the sole and proximate cause of her alleged damages, if any.

/ / /

**TENTH AFFIRMATIVE DEFENSE**

**(No Breach of Duty)**

As a tenth, separate and affirmative defense to the Amended Complaint, and to each purported cause of action contained therein, any duty or obligation, contractual or otherwise, which Plaintiff claims is owed to her by these answering Defendants, have been fully performed, satisfied and is discharged.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Intervening or Superseding Cause)**

As a eleventh, separate and affirmative defense to the Amended Complaint, and to each purported cause of action contained therein, all injuries, if any, and damages, if any, sustained or suffered by Plaintiff was proximately caused, contributed to or aggravated by the acts or omissions of the Plaintiff or other persons or entities.  Said acts or omissions were an intervening and/or superseding cause of the injuries, if any, and damages, if any, thus barring Plaintiff from any recovery against these answering Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

As a twelfth, separate and affirmative defense to the Amended Complaint, and to each purported cause of action contained therein, these answering Defendants allege that the Plaintiff, by reason of Plaintiff's own acts, omissions, representations, and courses of conduct, is estopped from asserting, and has waived any right to assert, claims against Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Frivolous Action)**

As a thirteenth, separate and affirmative defense to the Amended Complaint, and to each purported cause of action contained therein, these answering Defendants allege that the Amended Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a

1  cause of action against these answering Defendants and constitutes a frivolous action, thereby

2  entitling these answering Defendants to payment by Plaintiff and/or Plaintiff's attorney of any

3  reasonable expenses incurred by these answering Defendants, including Defendants' attorneys'

4  fees.

5

6                          **FOURTEENTH AFFIRMATIVE DEFENSE**

7                                    **(Sham Pleading)**

8          As a fourteenth, separate and affirmative defense to the Amended Complaint, and to each

9  purported cause of action contained therein, these answering Defendants allege that Plaintiff's

10  Amended Complaint is a sham pleading made against these answering Defendants not for alleged

11  statutory violations and wrongs against Plaintiff, but solely for the financial gain of Plaintiff.

12

13                          **FIFTEENTH AFFIRMATIVE DEFENSE**

14                                    **(Impossibility)**

15          As an fifteenth, separate and affirmative defense to the Amended Complaint, and to each

16  purported cause of action contained therein, any duty or obligation these answering Defendants

17  may have had to perform certain acts to the benefit of Plaintiff were rendered impossible to

18  perform due to the conduct of Plaintiff.

19

20                          **SIXTEENTH AFFIRMATIVE DEFENSE**

21                                    **(Waiver)**

22          As a sixteenth, separate and affirmative defense to the Amended Complaint, and to each

23  purported cause of action contained therein, Plaintiff, by reason of Plaintiff's own acts, omissions,

24  representations, and courses of conduct, has waived any claims against Defendants.

25  / / /

26  / / /

27  / / /

28  / / /

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (*Laches*)

As a seventeenth, separate and affirmative defense to the Amended Complaint, and to each purported cause of action contained therein, each and every cause of action asserted in the Amended Complaint is barred by the doctrine of *laches*.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

As an eighteenth, separate and affirmative defense to the Amended Complaint, and to each purported cause of action contained therein, these answering Defendants are informed and believe, and thereon allege, that Plaintiff's damages, if any, were caused by the negligence, tortious, and wrongful conduct of Plaintiff.  The answering Defendants are therefore entitled to an allocation of damages according to the percentage of fault of each party.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Consent)

As a nineteenth, separate and affirmative defense to the Amended Complaint, and to each purported cause of action contained therein, these answering Defendants are informed and believe and thereon allege that the Amended Complaint is barred because Plaintiff consented to Defendants' acts or omissions, if any.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

As a twentieth, separate and affirmative defense to the Amended Complaint, and to each purported cause of action contained therein, these answering Defendants are informed and believe and thereon allege that the Amended Complaint, and each cause of action thereof, is barred by reason of the failure of consideration of the formation and performance of the alleged contract.

/ / /

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Excuse)**

As a twenty-first, separate and affirmative defense to the Amended Complaint, and to each purported cause of action contained therein, these answering Defendants are informed and believe, and thereon allege that each cause of action is barred by Plaintiff's own prior breach of the agreement between the parties.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Additional Affirmative Defenses)**

As a twenty-second, separate and affirmative defense to the Amended Complaint, and to each purported cause of action contained therein, these answering Defendants allege that Defendants presently have insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses.  Defendants therefore reserve the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Failure to State a Claim Under FCRA)**

As a twenty-third, separate and affirmative defense to the Amended Complaint, and to each purported cause of action contained therein, these answering Defendants allege that Plaintiff's cause of action for violation of the Fair Credit Reporting Act fails to state a claim.

**DEMAND FOR JURY TRIAL**

Defendants hereby demand trial by jury.

/ / /

/ / /

/ / /

/ / /

1    WHEREFORE, these answering Defendants pray for judgment as follows:

2

3    1.    That Plaintiff take nothing by virtue of Plaintiff's Amended Complaint;

4

5    2.    For costs of suit incurred herein;

6

7    3.    For defendants' reasonable attorneys' fees;

8

9    4.    For such other and further relief as the Court may deem just and proper; and

10

11    5.    Defendants demand trial by jury.

12

13                                    SHEA STOKES ROBERTS & WAGNER, ALC

14

15    Dated:  August 29, 2008          By:    /s/ Ronald R. Giusso
                                               _____
16                                             Maria C. Roberts
                                               Ronald R. Giusso
17                                             Attorneys for Defendants
                                               GE Money Bank and J.C. Penney Company, Inc.

18

19

20

21

22

23

24

25

26

27

28

1  MARIA C. ROBERTS, State Bar No. 137907
    mroberts@sheastokes.com
2  RONALD R. GIUSSO, State Bar No. 184483
    rgiusso@sheastokes.com
3  SHEA STOKES ROBERTS & WAGNER, ALC
    510 MARKET STREET, THIRD FLOOR
4  SAN DIEGO, CALIFORNIA 92101-7025
    TELEPHONE:    (619) 232-4261
5  FACSIMILE:    (619) 232-4840

6  Attorneys for Defendants GE MONEY BANK and J.C. PENNEY COMPANY, INC.

7

8                 UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  HELENA KOZYRA, | CASE NO. 08-CV-1344 DMS RBB |
| 12         Plaintiff, | Action Date:    June 11, 2008 |
| 13  v. | Judge:    Dana M. Sabraw |
| 14  GE MONEY BANK; J.C. PENNEY | **PROOF OF SERVICE** |
|     COMPANY, INC.; LVNV FUNDING, LLC; | |
| 15  RESURGENT CAPITAL SERVICES, LP; | |
|     VALENTINE & KEBARTAS, INC.; and | |
| 16  COLLECTORS TRAINING INSTITUTE OF | |
|     ILLINOIS; and DOES 1 through 10, inclusive, | |
| 17 | |
|          Defendants. | |
| 18 | |

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

*Kozyra v. GE Money Bank, et al*
United States District Court, Southern District of California
Case Number 08-CV-1344 DMA RBB

**PROOF OF SERVICE**

I, Ronald R. Giusso, caused the attorney(s) on the service list to be served via the Court's electronic filing system per local Rule 5.4.

On August 29, 2008, I served the following document(s) described as:

- **ANSWER TO AMENDED COMPLAINT BY DEFENDANTS GE MONEY BANK AND J.C. PENNEY COMPANY, INC.**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**Douglas Jaffe**                              Attorney for Plaintiff
Douglasjaffe@aol.com

Executed on August 29, 2008, at San Diego, California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


/s/Ronald R. Giusso
Ronald R. Giusso